IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-36-D-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF REVOCATION OF** |
| | ) | **PRETRIAL RELEASE AND FOR** |
| JERRY D. MARSH, | ) | **DETENTION PENDING TRIAL** |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the petition (D.E. 54), pursuant to 18 U.S.C. § 3148(b), to revoke defendant's pretrial release, on which he was placed on 14 March 2014 (*see* D.E. 23). The petition, dated and filed 24 April 2014, is based on the following principal grounds:

> On April 4, 2014, the court was informed the defendant tested positive for the use of cocaine and marijuana on the day he was placed on supervision and for the use of cocaine on March 20, 2014. Supervision was continued to allow the defendant to attend treatment. However, his drug use has continued at the same rate. He tested positive again for the use of cocaine on April 3 and April 15, 2014.

(Pet. 2). The 4 April 2014 violation report stated that defendant had denied use on 20 March 2014. (D.E. 39 at 1). It also stated that while defendant did eventually schedule an appointment with the drug treatment provider, he did so only after he failed to comply with the deadline he was given by the supervising probation officer and the provider contacted him. (*Id.*). At the hearing, the government proffered evidence that defendant has been using cocaine for approximately eight years. Although defendant admitted to the positive drug tests on 3 and 15 April 2014, he also argued in mitigation that his last two drug tests were negative, he has been attending treatment, and he is committed to drug treatment and a more healthy lifestyle generally (defendant is morbidly obese).

After careful consideration of the credible information and argument presented, IT IS

ORDERED that the motion for revocation is ALLOWED.  Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds that there is clear and convincing evidence that defendant has violated the conditions of his release by using illicit controlled substances, as shown by the positive urine screens and defendant essentially concedes.  The court further finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that defendant is unlikely to abide by the condition of his release requiring that he abstain from use of illicit drugs.  Defendant's repeated use in a very short period, his continued use despite being on supervision and receiving treatment, and his extended history of cocaine use outweigh the mitigating evidence offered by defendant.  The court also relies in support of this order on the additional reasons stated in open court.

IT IS THEREFORE FURTHER ORDERED that defendant's pretrial release is REVOKED and defendant is COMMITTED to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of May 2014.

_____
James E. Gates
United States Magistrate Judge